Douglas T. Tabachnik, Esq.
LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.
63 West Main Street, Suite C
Freehold, NJ 07728
Tel: 732-780-2760
Fax: 732-780-2761
dtabachnik@dttlaw.com

Counsel for Beyer Lightning Fish Company, Inc. and
Clear Water Fish Co., Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SCANDIA SEAFOOD (NEW YORK), LLC<br><br>Debtor. | Chapter 7 Case No. 17-10744 (MEW) |

**MOTION OF BEYER LIGHTNING FISH COMPANY, INC. AND
CLEAR WATER FISH CO., INC. UNDER FEDERAL RULE OF BANKRUPTCY
PROCEDURE 2004 FOR AN ORDER DIRECTING THE EXAMINATION OF AND
PRODUCTION OF DOCUMENTS**

**TO:    HONORABLE MICHAEL E. WILES
         UNITED STATES BANKRUPTCY JUDGE:**

Beyer Lightning Fish Company, Inc. and Clear Water Fish Co., Inc. (hereinafter "The Movants"), by their attorneys, the Law Offices of Douglas T. Tabachnik, P.C., respectfully represent as follows:

**Preliminary Statement**

1.     The Movant respectfully requests that this Court enter an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and directing the examination of the parties and entities on the annexed Schedule A. The movants believe that the requested subpoenas are necessary in order to properly investigate the circumstances surrounding the purchase of the debtor's assets by its principals in a New Jersey

1

assignment for the benefit of creditors, by which the principals were actually paid $15,000 by the debtor to receive the assets and pursue accounts receivable. The movants suspect that the principal objective of this activity is to satisfy the claim of the secured creditor can, in the approximate amount of $800,000. The secured creditor is the former factor of the debtor. One of the areas of inquiry is whether or not the factor has a personal guaranty of the principals of the purchaser of the assets.

      2.      In addition, discovery is needed to determine whether or not the purchase of the assets by the principals was for fair value. The purchase was not subject to an auction. The purchaser has set up operations apparently identical to those conducted by the debtor in the very same office space in Secaucus New Jersey occupied by the debtor.

## JURISDICTION AND PROCEDURAL BACKGROUND

      3.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§1334 and 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

      4.      On March 28, 2017, the Movants filed an involuntary petition under Chapter 7, title 11, United States Code (all references to section numbers under title 11, United States Code shall be hereinafter referred to as the "Bankruptcy Code" or Code").

## BACKGROUND

      5.      Until November 29, 2016, the debtor operated a wholesale fish business largely by purchasing inventory consisting of fresh fish from the fish market located in the Hunts Point section of the Bronx. The debtor's principal offices are located in Secaucus, New Jersey, although it would appear that most of its creditors are located either in New York or other jurisdictions. On November 29, 2016 the debtor executed a deed of assignment under the New Jersey debtor and creditor law commencing, an assignment for the benefit of creditors, which it

filed on December 6, 2016. A copy is annexed hereto as **Exhibit A**. On December 29, 2016 the assignee filed a motion approving a management agreement and authorizing the sale of certain assets of the assignor to an entity called Seafood Innovations, LLC, for the sum of $45,000, "free and clear of all liens claims and encumbrances of any type." A copy of the motion, together with exhibits, is annexed hereto as **Exhibit B**. Seafood Innovations has as its president, Stephen Tucker, the same individual who signed the debtor's deed of assignment as chairman on behalf of the debtor. The management agreement for which approval was sought and obtained was for Seafood Innovations to then run the business of the debtor and to receive a management fee equal to "any and all profits from the debtor's business during the term of the agreement after the payment of all expenses and operational costs incurred."

6. Notwithstanding the clear identity of relationship between the debtor and the manager, the management agreement provides, incredulously, that "[i]n the performance of this Agreement, it is mutually understood and agreed that Manager is at all times acting and performing as an independent contractor of, and not an employee, joint venture or, or lessee of, Scandia." Management agreement at article VII.

7. Significantly, it would appear from the schedules attached to the deed of assignment that there are debts owed to list of creditors in the approximate amount of $2.4 million. There are approximately $1.5 million in accounts receivable to be collected by this debtor. The debtor also lists a secured creditor, consisting of the debtor's factor, NorthMill Capital, which is listed as being owed $819,568.26. It is the movants experience that suggests there may well be a personal guarantee on the part of the debtor's principals for the debtor's indebtedness to the factor. Among the other issues to be investigated is whether this is accurate. If it is, then it would appear that the primary objective in the debtor's filing of the assignment for

the benefit of creditors will be for the purpose of pursuing the creditors for preferential transfers under the more favorable state court statutes that deprive creditors of the usual defenses available under article 5 of the Bankruptcy Code so as to enable the principals to repay the debtor's factor at the creditors expense. Furthermore, the debtor would be conducting this exercise all the while continuing in the very business of the debtor and getting paid from the profits of the debtor while it operated the debtor's business during the course of the ABC.

### **Basis for the Relief Requested**

8.      Federal Rule of Bankruptcy Procedure 2004 provides that "[o]n motion of any party in interest, the Court may order the examination of any entity" with regard to the "acts, conduct, or property or to the liabilities and financial condition of the debtors, or to any matter which may affect the administration of the debtor's estate…" Fed. R. Bankr. P. 2004 (Lexis 2017).

> The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. See In re Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). The scope of Rule 2004 examination is very broad, broader even than discovery under the Federal Rules of Civil Procedure. In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation. See Air Line Pilots Assoc., Int'l v. American Nat'l Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.), 156 B.R. 414, 432 (S.D.N.Y. 1993).
>
> In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004)

9.      In this case, the insider transactions subsequent to the delivery of the deed of assignment prior to the filing of this petition suggest the need for further investigation to determine the extent to which the principles other operations are integrated with the debtor operations such that additional assets may be reclaimed, and whether assets that should belong to the estate are improperly being diverted to nondebtor entities. An examination of the debtor's

bank accounts, as identified in the deed of assignment should help in this investigation. The examination of the documents were NorthMill capital, the debtor secured lender and factor will help to determine whether and to what extent the assignment for the benefit of creditors proceeding was, in reality, an effort to secure repayment of personal guarantees at the expense of creditors whose behalf the principles of the debtor owed a fiduciary obligation.

10. Nautical Foods, LLC is another entity that has been identified on the stationery containing the offer of the purchase of the assets signed by Stephen Tucker. The identity of the specific entity is further suggested by an industry report subscribed to by the petitioning creditors and what happens to include all parties related to the report, including Nautical Foods, located in Secaucus, the same location as the debtor and Innovation Seafood. A copy of this report is annexed hereto as **Exhibit C**. Counsel has also learned that Innovation Seafood recently changed its corporate name by the filing of a certificate of name change with the New Jersey Department of Revenue. A copy of this document is annexed hereto as **Exhibit D**. Further investigation reveals that the Debtor operated under the name Nautical Foods at least as of September 26, 2016, when its Facebook post noted a display under that name at the Mohegan Sun. A copy of these pages is annexed hereto as **Exhibit E**.

11. The examination of the Rule 2004 Parties is also necessary to determine the bona fides of the transactions between the related parties and the determination of possible fraudulent conduct on the part of the Debtor. See, AIG Fin. Prods. Corp. v ICP Asset Mgt., LLC, 108 A.D.3d 444 (App, Div. 1st Dept. 2013); Oster v. Kirschner, et al., 77 A.D.3d 51; 905 N.Y.S.2d 69 (App. Div. 1st Dept. 2010).

WHEREFORE, the Movants respectfully requests that this Court enter an Order granting their Motion under Federal Rule of Bankruptcy Procedure 2004 Directing the Debtor's and the Rule 2004 Parties' Examination and Production of Documents, and such other and further relief as this Court deems just and proper.

Dated: March 30, 2017

                            LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.

                            By:    /s/ Douglas T. Tabachnik
                                   Douglas T. Tabachnik
                                   (Admitted in this District)
                                   Law Offices of Douglas T. Tabachnik, P.C.
                                   63 West Main Street, Suite C
                                   Freehold, New Jersey 07728
                                   (732) 780-2760
                                   Counsel to Beyer Lightning Fish Company, Inc.
                                   and Clear Water Fish Co., Inc.