| | |
|---|---|
| REITLER KAILAS & ROSENBLATT LLC<br>Yann Geron<br>Edward P. Grosz<br>Jeannette Litos<br>885 Third Avenue, 20th Floor<br>New York, New York 10022<br>(212) 209-3050 | Hearing Date: April 4, 2018<br>At: 10:00 a.m.<br><br>Objection Deadline: March 28, 2018 |

*Attorneys for Yann Geron, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                : Chapter 7
                                                     :
SCANDIA SEAFOOD (NEW YORK), INC.,   : Case No. 17-10744-MEW
                                                     :
                          Debtor.                    :
---------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S REPLY IN FURTHER SUPPORT OF HIS APPLICATION FOR AN ORDER (I) AUTHORIZING TRUSTEE TO CONTINUE THE DEBTOR'S ASSIGNMENT FOR THE BENEFIT OF CREDITORS, GAIN CONTROL OVER SUCH ASSIGNMENT PROCEEDING, AND PURSUE STATE LAW PREFERENCE CLAIMS IN SUCH ASSIGNMENT PROCEEDING FOR THE BENEFIT OF THE DEBTOR'S CHAPTER 7 ESTATE, OR ALTERNATIVELY, (II) AUTHORIZING TRUSTEE TO PURSUE THE STATE LAW PREFERENCE CLAIMS DIRECTLY UNDER THE <u>BANKRUPTCY CODE</u>**

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "<u>Trustee</u>"), the chapter 7 trustee of the estate of Scandia Seafood (New York), Inc. ("<u>Scandia</u>" or the "<u>Debtor</u>"), the above-captioned debtor, by and through his counsel, Reitler Kailas & Rosenblatt LLC, as and for his reply in further support of his application for an order (i) authorizing the Trustee to continue the assignment for the benefit of creditors, gain control over such assignment proceeding, and pursue state law preference claims in the assignment proceeding, or alternatively, (ii) authorizing the Trustee to pursue the state law preference claims directly under the Bankruptcy Code, respectfully sets forth and represents as follows:

1.   In comparing the Trustee's application to the three objections filed in response, it appears that, the overblown rhetoric of certain objectors notwithstanding,[1] the opposing parties are actually in broad agreement as to certain pertinent matters:

- The circumstances which gave rise to the Trustee's application – the commencement of an involuntary proceeding by creditors who are defendants in state law preference actions, and timed in a manner to potentially cut-off both state and federal preference claims – are highly unusual.

- There is no clear controlling authority regarding the power of this Court to grant the relief sought by the Trustee.  Indeed, although the objecting parties spend considerable time protesting that the Trustee does not have the authority to pursue the state law preference claims that arose out of the Assignment Proceeding commenced before the filing of the Involuntary Petition, the objecting parties do not address the central issue raised by the Trustee's application:  the scope of this Court's discretionary power to permit the Trustee to proceed with such claims in the context of the bankruptcy case and under the supervision of the Bankruptcy Court.

- The state law preference claims represent the largest asset available for satisfaction of claims of unsecured creditors.

- The recoveries made by the Assignee as a result of the state law preference claims he pursued prior to the Debtor's bankruptcy are indisputably property of the estate.  The objecting parties, therefore, are left in the untenable position of trying to argue that,

---

[1] Choosing to create more heat than light with respect to a novel legal issue, Beyer Lighting Fish Company, Inc. and Clear Water Fish Co., Inc., in their Objections to the Chapter 7 Trustee's Application [DE 86], accuse the Trustee, among other things and without any basis in law or logic, of "defy[ing] all notions of historical precedent and rationale for the enactment of the bankruptcy acts, going all the way back to the original Bankruptcy Act of 1800," advocating for a "shameful abrogation of 11 U.S.C. §543" and seeking to deprive the Petitioning Creditors of the "benefit of their bargain [sic]" in successfully moving for the appointment of a trustee. Pp. 9, 20, 24.  The last accusation is particularly ironic, since the Trustee is making this application in the hope of recovering funds for the estate that can be used to conduct the investigation which the Petitioning Creditors claim to want.

while the <u>preference claims themselves</u> are neither property of the estate nor claims that can be pursued by the Trustee, the pre-petition <u>proceeds</u> of those claims are, somehow, property of the estate.

2.    The dilemma faced by the objecting parties – wanting the estate to hold on to the funds recovered by the Assignee while simultaneously arguing that claims that are legally identical to the ones that yielded those funds cannot be pursued against non-settling parties under the supervision of the Bankruptcy Court – is, of course, one that was partially created by the Petitioning Creditors.  In fairness to the objecting parties, however, the Trustee recognizes the novelty of the current situation, which is why the Trustee has asked for the Court's guidance in this matter.  Given both the magnitude of the state law preference claims – approximately $3 million – and the substantial possibility of the Trustee being able to make a significant recovery on those claims without great expense, it would have been a dereliction of duty on the Trustee's part not to seek the Court's approval to pursue the state law preference claims.

3.    The central contention made by the objecting parties is that, although state laws authorizing a debtor to make assignments for the benefit of creditors are not *per se* preempted by the Bankruptcy Code, the commencement of the involuntary case "superseded" the existing state court proceeding.  In so arguing, the objecting parties are responding to an argument the Trustee never made.  The Trustee does not dispute the primacy of the bankruptcy proceeding.  To the contrary, in his moving papers, the Trustee made clear that any effort to recover preferential payments under state law would be undertaken pursuant to the supervision of this Court.  But the indisputable proposition that the state proceeding had been superseded by this proceeding does not mean that the state law preference claims have vanished, any more than would any other state law claims that exist in favor of the estate or its creditors.  There is nothing

in the Bankruptcy Code, nor in any controlling authority cited by any of the objecting parties, which precludes this Court from authorizing the Trustee to pursue such state law claims, as requested in the Trustee's application.

4. Whether under Section 543 or 544 of the Bankruptcy Code, or the inherent equitable powers of this Court, there is ample basis for the relief sought by the Trustee herein. Objectors' argument that permitting the Trustee to pursue the state law preference claims would contradict fundamental policies underlying the Bankruptcy Code is both conclusory and illogical. No important Congressional policy would be advanced by starving this estate and its unsecured creditors of assets that the Assignor was pursuing at the time of the Voluntary Petition. Accordingly, the Trustee's application should be granted.

(continued on next page)

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order (i) authorizing trustee to continue the Assignment Proceeding, gain control over the Assignment Proceeding, and pursue the Preference Actions in the Assignment Proceedings for the benefit of the debtor's bankruptcy estate, or alternatively, (ii) authorizing the Trustee to pursue the state law preference claims under Section 544 of the Bankruptcy Code, and granting such other and further relief as is just.

Dated:   New York, New York
         May 2, 2018

REITLER KAILAS & ROSENBLATT LLC

*/s/ Yann Geron*

Yann Geron
Edward P. Grosz
Jeannette Litos
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, New York 10022
T: (212) 209-3050
F: (212) 371-5500
ygeron@reitlerlaw.com

*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Scandia Seafood (New York), Inc.*