REITLER KAILAS & ROSENBLATT LLC
Yann Geron
Jeannette Litos
885 Third Avenue, 20th Floor
New York, New York 10022
(212) 209-3050

*Attorneys for Yann Geron, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| SCANDIA SEAFOOD (NEW YORK), INC., | : | Case No. 17-10744-MEW |
| | : | |
| Debtor. | : | |

-----------------------------------------------------------------x

**TRUSTEE'S AMENDED *EX-PARTE* APPLICATION FOR AN ORDER,
PURSUANT TO BANKRUPTCY RULE 2004, AUTHORIZING THE TRUSTEE
TO CONDUCT THE EXAMINATION OF, AND DEMAND THE PRODUCTION
OF DOCUMENTS FROM, (i) STEPHEN TUCKER, DEBTOR'S FORMER
PRINCIPAL, (ii) DONALD F. CAMPBELL, JR., FORMER ASSIGNEE, AND (iii)
STEVEN MITNICK, ASSIGNEE'S FORMER COUNSEL**

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), as chapter 7 trustee of the estate of Scandia Seafood (New York), Inc. (the "Debtor"), the above-captioned debtor, by his attorneys, Reitler Kailas & Rosenblatt LLC, as and for his *ex-parte* application for an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing him to conduct the examination of, and demand the production of documents and electronic files from, (i) Stephen Tucker ("Tucker"), one of the Debtor's former principals, (ii) Donald F. Campbell, Jr., as former assignee of the Debtor ("Campbell"), and (iii) Steven Mitnick, as former counsel for the assignee ("Mitnick") (collectively, Tucker, Campbell, and Mitnick are the "Parties"), in connection with this chapter 7 bankruptcy proceeding, respectfully sets forth and represents:

**Summary of the Relief Requested**

1. In order for the Trustee and his professionals to conduct their analysis of the Debtor's pre-petition financial affairs, including the conduct of the assignment for the benefit of creditors which predated the bankruptcy filing, the Trustee requires certain information and documents from Tucker, Campbell, and Mitnick at this time. Over the course of recent months, as further detailed below, the Trustee obtained certain discovery on a consensual basis, but it now appears that further discovery will be facilitated and better focused by subpoena. Accordingly, the Trustee files the instant application seeking an order directing the production of the requested documents and information, including depositions if required, from these parties pursuant to Bankruptcy Rule 2004.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334 (b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984. The statutory predicate for the relief sought by this application is Bankruptcy Rule 2004.

**Introduction**

a.    The Debtor's Bankruptcy Proceeding

3. On December 6, 2016, Adam Licht[1] and Tucker, filed an Assignment for the Benefit of Creditors in New Jersey State Superior Court (Chancery Division, Union County, Docket No R2849) pursuant to a deed of assignment dated November 29, 2016 (the "Assignment

---

[1] Adam Licht is a principal of the Debtor. On January 24, 2018, Mr. Licht filed a personal chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey [*In re Adam Licht*, Case No. 18-1154-MBK]. The Trustee sought the same information which he is seeking in in this application from Mr. Licht following the filing of Mr. Licht's bankruptcy. Mr. Licht, through his counsel, complied with the Trustee's requests, and the Trustee does not seek any further information or documentation from Mr. Licht at this time.

Proceeding"). Donald F. Campbell, Jr., Esq. (the "Assignee") was appointed to serve as assignee for the benefit of creditors in the Assignment Proceeding on the same day.

4. On March 28, 2017 (the "Petition Date"), nine creditors (collectively, the "Petitioning Creditors")[2] commenced the above-captioned case by filing an involuntary petition against the Debtor (the "Involuntary Petition") under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The Petitioning Creditors subsequently filed an emergency motion seeking the appointment of a trustee [DE 16], which the Assignee opposed with a motion to dismiss the Involuntary Petition (the "Motion to Dismiss") [DE 27].

5. By order dated May 8, 2017, the Bankruptcy Court denied the Motion to Dismiss [DE 39], and on May 9, 2017, the United States Trustee appointed Yann Geron as interim chapter 7 trustee in the Debtor's case [DE 41]. Mr. Geron has since qualified as permanent trustee and he is currently serving in that capacity.

6. Prior to the Petition Date, the Debtor, a New York corporation, operated as a purveyor of fresh and frozen seafood and prepared foods in Secaucus, New Jersey.

b. Requested 2004 Authority

7. In order for the Trustee and his professionals to complete their analysis of the Debtor's financial affairs and the nature and extent of potential avoidance claims, they must review relevant accounting, business and tax documentation, as well as communications between the Parties.

8. Prior to bringing this application, the Trustee sought consensual discovery from certain parties. As noted above, Mr. Licht complied, and the Trustee also obtained certain

---

[2] The Petitioning Creditors were Clear Water Fish Co., Inc., Beyer Lightning Fish Co. Inc., Joe Monani Fish Co., Universal Seafood, Inc., R&R Ocean Products Unlimited, Inc., Blue Harvest Foods LLC, Lockwood & Winant, Montauk Seafood Co., Inc., and JMS Seasonal Seafood Corp.

3

214142

production from Mr. Campbell. However, the production from Mr. Campbell appeared to the Trustee to be lacking certain important documents relating to the conduct of the assignee and his counsel in the course of the assignment. The Trustee determined that proceeding by subpoena would better focus the production going forward.

9. Therefore, by this application, the Trustee seeks authorization to conduct an examination of, and compel the production of documents and electronically stored information and files from the Parties. The Parties are likely to be in possession of certain documents and information related to the Debtor's financial affairs, including the Debtor's decision to commence the Assignment Proceeding and the instant bankruptcy. A brief description each party's connection to the Debtor and the types of documents and information the Trustee intends to request of them are as follows:

| Name & Address of Examinees | Connection to Debtor | General Description of Discovery or Information Sought for All and/or Each of the Examinees |
|---|---|---|
| Stephen Tucker<br>33 Colony Road<br>Edgewater, NJ 07020 | Debtor's former principal | Bank statements and cancelled checks images from Valley National Bank and any other banking institution where the Debtor transacted business for various periods between October 1, 2014 through and including December 31, 2016; |
| Donald F. Campbell, Esq.<br>Giordano, Halleran & Ciesla, P.C.<br>125 Half Mile Road, Suite 300<br>Red Bank, NJ 07701-6777 | Assignee | All income tax returns prepared for the Debtor from 2010 forward not previously provided; |
| Steven Mitnick, Esq.<br>SM LAW PC<br>P.O. Box 530<br>49 Old Turnpike Road<br>Oldwick, NJ 08858 | Counsel to assignee | General ledgers for the period October 1, 2013 through and including December 31, 2016;<br><br>All financial statements prepared on behalf of the Debtor from January 1, 2011 through and including December 31, 2016 not previously provided;<br><br>General journal entries for the period October 1, 2013 through and including December 31, 2016;<br><br>Inventory records for the period October 1, 2015 through and including December 31, 2016;<br><br>Credit card statements for all credit cards issued to the Debtor including paid credit card bills for the period January 1, 2014 through and including December 31, 2016;<br><br>Car lease statements including paid car lease bills for the period January 1, 2014 through and including December 31, |

4

214142

| | | |
|---|---|---|
| | | 2016; |
| | | Incorporation documents; |
| | | Board of directors resolutions and meeting minutes; |
| | | Stockholders meeting minutes; |
| | | Shareholder Agreements; |
| | | Stock Sale Agreement with David Coopersmith; |
| | | Employment Contracts; |
| | | All documents and communications relating to the Debtor, the Debtor's assets, the disposition of the Debtor's assets, or the Assignment Proceeding, including but not limited to, correspondence and emails, internally and with third parties, relating thereto, from January 2016 to date; and |
| | | All documents and communication concerning Seafood Innovations LLC, including but not limited to, its formation and its business dealings with the Debtor, from January 2016 to date. |

10. The Trustee contemplates serving a demand for the production of documents upon the Parties. The Trustee may also conduct a formal deposition of the Parties, and therefore, requests that he be authorized to compel such deposition if it should be deemed necessary and appropriate.

**Relief Requested**

11. Bankruptcy Rule 2004(a) provides that "upon the motion of any party in interest, the court may order the examination of any entity." It is well established that the investigation envisioned by this rule is broad-based, relating to any and all matters effecting the administration of the Debtor's estate, as well as the conduct, liabilities or property of the Debtor.

12. Discovery under Bankruptcy Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). In fact, the scope of a Rule 2004 examination is so broad that it

5

214142

can be in the nature of a "fishing expedition." <u>In re Coffee Cupboard, Inc.</u>, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); <u>In re Silverman</u>, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

13. The Bankruptcy Rule 2004 examination of, and the production of documents and/or electronic files from, the Parties is necessary to assure the prompt and orderly administration of the Debtor's estate. The Trustee and his professionals requested the necessary documents and information from the Parties prior to filing this application, but, to date, has received incomplete responses. Without the production of the requested documents, the Trustee's ability to make a determination regarding the nature and extent of potential estate claims will be impeded.

14. For the foregoing reasons, the Trustee respectfully submits that he has demonstrated ample cause and right to conduct the examination of, and request the production of documents and/or electronic files from, the Parties.

**Proposed Procedure**

15. The Trustee proposes that any examination be held at the offices of his counsel, Reitler Kailas & Rosenblatt LLC, 885 Third Avenue, 20th Floor, New York, New York, 10022, or, if this Court does not have subpoena power to compel the personal testimony of the Parties, at such other location as may be appropriate and permissible under Bankruptcy Rules 2004, 2005, 9001(5) and 9016.

16. In accordance with Rule 2004(c), the Trustee proposes to serve the Parties with a subpoena *duces tecum* requesting such documents and electronic files as are required to assist with the Trustee's administration of the Debtor's estate. It is anticipated that those documents will include accounting files, business records, tax documents, emails and correspondence, and most will be produced in electronic formats. Notably, any documents delivered to the Trustee in any electronic format will be required to be provided in searchable format so that the Trustee and

6

214142

his professionals can efficiently manage the volume of electronic documents to be produced. Moreover, each document which a respondent declines to produce on the basis of any legal privilege will be required to be identified on a privilege log along with the precise legal privilege asserted for such document, so the Trustee and his professionals can assess and, if appropriate, challenge any privilege claims.

17. The Trustee proposes to serve any subpoena *duces tecum* at least 20 days prior to the due date for any documents and electronic files, and, if the Trustee is requesting an examination, at least 30 days prior to the scheduled deposition.

18. The Trustee submits that the foregoing procedures will give fair and adequate notice to Tucker, Campbell, and Mitnick, and are consistent with Bankruptcy Rules 2004 and 9016.

### Notice and Procedure

19. The Trustee submits this Application *ex-parte*, which is customary for these types of applications. The Parties will have an opportunity to file a motion to quash or for a protective order in response to any subpoena served by the Trustee. For the reasons noted above, the Trustee respectfully submits that such notice be deemed fair and adequate notice of the instant application.

20. This Application includes citations to the applicable rules and statutory authorities upon which the relief requested is predicated. Accordingly, the Trustee respectfully submits that this Application satisfies the requirements of Local Bankruptcy Rule 9013-1(a).

### No Prior Relief

21. Except as detailed herein, no prior application for the relief sought herein has been made to this or any other court.

214142

*WHEREFORE*, the Trustee respectfully requests that the Application be granted, that the proposed order authorizing the Trustee to conduct discovery pursuant to Bankruptcy Rule 2004 be entered, and that he be granted such other and further relief as is just.

Dated:  New York, New York  REITLER KAILAS & ROSENBLATT LLC
December 14, 2018  Attorneys for Yann Geron, Chapter 7 Trustee

By: */s/ Yann Geron*
Yann Geron
Jeannette Litos
885 Third Avenue, 20th Floor
New York, New York 10022
(212) 209-3050

8

214142